UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SCOTT E. RONDELLI and SONYA D. RONDELLI,**

        **Plaintiffs,**

**v.**                                                       **Case No:  6:13-cv-1646-Orl-22GJK**

**RYDER SYSTEM, INC., PETER J. TERZIAN, JR. , COMMERCIAL CARRIERS, INC., DELAVAN INDUSTRIES, INC. and HANES SUPPLY, INC.,**

        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The matter comes on for consideration *sua sponte* after the undersigned's review of the Notice of Removal (Doc. No. 1) and the complaint (Doc. No. 2).   On or about September 11, 2013 (*see* Doc. No. 2-1 at 1), Scott E. Rondelli and Sonya D. Rondelli (the "Plaintiffs") filed a complaint against Ryder Systems, Inc. ("Ryder"), Peter J. Terzian, Jr., Commercial Carriers, Inc. ("Commercial"), Delavan Industries, Inc. ("Delavan"), and Hanes Supply, Inc. ("Hanes") (collectively, the "Defendants") in Florida's Ninth Judicial Circuit Court.  Doc. No. 2.  In the complaint, Plaintiffs allege the following state law claims against Defendants: strict liability (Count I); negligence (Counts II, V, and VI); breach of implied warranty (Count III); and willful misconduct (Count IV).  Doc. No. 2 at 1-9.  Ms. Rondelli also asserts a derivative claim for loss of consortium (Count VII).  Doc. No. 2 at 9.   Plaintiffs assert no cause of action arising under federal law.  Doc. No. 2.

On October 22, 2013, Hanes filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446(a) (the "Notice").  Doc. No. 1.  The Notice states that the sole basis for removal is that the action is "between citizens of different states," and the amount in controversy exceeds $75,000.00."  Doc. No. 1 at 2.  As an initial matter, although four other Defendants are named in the complaint, Hanes fails to state in the Notice whether or not the other Defendants have been served and, if so, whether they consent to the removal.  *See* 28 U.S.C. § 1446(a)(2)(A) (requiring consent of all properly served defendants).[1]  Accordingly, on its face, the Notice is defective.

More importantly, however, the complaint provides that Plaintiffs, as well as Defendants Terzian and Ryder, are all citizens of Florida.  Doc. No. 2 at 2.[2]   The civil cover sheet filed by Hanes also reflects a lack of complete diversity.  Doc. No. 1-2.  "[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).   As the party seeking to invoke this Court's jurisdiction under 28 U.S.C. § 1332(a) upon removal, Hanes has the burden of proving that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000.00.  *Id*. *See also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  In this case, in order to show that complete diversity exists, Hanes must demonstrate a controversy between "citizens of different States."  28 U.S.C. § 1332(a)(1) (emphasis added).  *See also MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.").  Thus, based on

---

[1] In the Notice's Certificate of Service, Hanes states that counsel for Delavan was served with a copy of the Notice.  Doc. No. 1-2 at 2.  Delavan has appeared and filed a motion to dismiss in this Court (Doc. No. 9).

[2] Defendants Delavan and Hanes appear to be citizens of states other than Florida.  Doc. No. 2 at 2.

the face of the complaint and Hanes's civil cover sheet, complete diversity does not exist and this Court lacks subject matter jurisdiction. *See* Doc. Nos. 1-2; 2 at 2. Accordingly, it is **RECOMMENDED** that the Court:

    1.     **REMAND** the case for lack of subject matter jurisdiction; and

    2.     Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

    **RECOMMENDED** in Orlando, Florida on November 5, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties